FILED
JAN. 8, 2015
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31988-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| RICARDO J. RUBIO, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Officers from the Spokane police department responded to a domestic disturbance call and found Ricardo J. Rubio inside the apartment at the reported address. Police ran a check on Mr. Rubio and discovered three outstanding warrants for his arrest. While being booked into jail, methamphetamine was found in Mr. Rubio's sock. Mr. Rubio was convicted of possession of a controlled substance. In his appeal, Mr. Rubio contends that the officer unlawfully seized him, considering he was merely a witness to the reported disturbance. We hold that Mr. Rubio's seizure was lawful under the exigent circumstances exception, and affirm the order denying his motion to suppress.

## FACTS

Spokane Police Department Officer Aaron Kirby responded to a domestic disturbance call at 1203 W. 5th, Apt. 305, in Spokane. A 911 caller reported that a male and a female were arguing and that the female was outside yelling about having a miscarriage and holding her stomach. The fighting was physical. A male was seen jumping off of the third floor apartment balcony.

Upon arriving, Officer Kirby and other officers did not find anyone outside the apartment, but heard people moving inside the apartment. The officers knocked on the door, identified themselves, and stated that they needed to check on the welfare of the people inside. No one answered. Officer Kirby obtained a key to the apartment and opened the door to conduct a welfare check. The officers called out to the occupants to come outside. Other occupants exited the apartment, but Mr. Rubio did not. He remained in the apartment on a couch. Officer Kirby contacted Mr. Rubio to check on his welfare and to find out what happened. Officer Kirby requested identification from Mr. Rubio. Mr. Rubio gave a name, which dispatch identified as an alias for Mr. Rubio. There were three warrants for Mr. Rubio's arrest.

Officer Kirby arrested Mr. Rubio on the outstanding warrants and transported him to the Spokane County detention facilities. While conducting intake procedures on Mr.

Rubio, Corrections Deputy Richard Blair found two small bags with a white crystal substance and a syringe in Mr. Rubio's sock. The substance tested positive for methamphetamine. Mr. Rubio was charged with possession of a controlled substance, methamphetamine.

A CrR 3.6 suppression hearing was held to determine whether Mr. Rubio was subject to an unlawful seizure. The trial court found that Officer Kirby seized Mr. Rubio. However, the trial court concluded, "Officer Kirby's entry into the apartment was justified by the exigencies and his request for Mr. Rubio's identification was an ordinary, usual and necessary incident to follow up on a possibly violent domestic violence situation. Mr. Ricardo Rubio was not subject to an unreasonable seizure. The methamphetamine was not the fruit of illegal police conduct." Clerk's Papers (CP) at 86. The court denied Mr. Rubio's motion to suppress.

A bench trial was held, and Mr. Rubio was convicted of possession of a controlled substance. He appeals, contending that he was unlawfully seized by the arresting officer.

ANALYSIS

"We review the denial of a suppression motion to determine whether substantial evidence supports the trial court's findings of fact and whether those findings support the conclusions of law." *State v. Carney*, 142 Wn. App. 197, 201, 174 P.3d 142 (2007).

3

Unchallenged findings are accepted as verities on appeal. *State v. Smith*, 165 Wn.2d 511, 516, 199 P.3d 386 (2009) (quoting *State v. Gaines*, 154 Wn.2d 711, 716, 116 P.3d 993 (2005)). Whether the facts support the trial court's conclusion is reviewed de novo. *Carney*, 142 Wn. App. at 201. Mr. Rubio does not challenge the court's factual findings. Therefore, we take these facts to be true.

Generally, warrantless searches are unreasonable per se under the Fourth Amendment to the United States Constitution. *State v. Kinzy*, 141 Wn.2d 373, 384, 5 P.3d 668 (2000) (quoting *State v. Houser*, 95 Wn.2d 143, 149, 622 P.2d 1218 (1980)). However, courts recognize a few carefully drawn exceptions to this rule. *Id.* The burden is on the State to prove that a warrantless seizure falls into one of these exceptions. *Id.*

A recognized exception to the warrant requirement allows police to seize and search a person without a warrant when justified by "exigent circumstances." *Smith*, 165 Wn.2d at 517 (citing *State v. Cardenas*, 146 Wn.2d 400, 405, 47 P.3d 127, 57 P.3d 1156 (2002)). An officer is allowed to stop a witness under exigent circumstances when (1) the officer has reasonable cause to believe that a misdemeanor or felony involving danger or forcible injury to persons has just been committed near the place where he finds such person, (2) the officer has reasonable cause to believe that such person has knowledge of material aid in the investigation of such crime, and (3) such action is reasonably necessary

4

to obtain or verify the identification of such person, or to obtain an account of such crime. *State v. Dorey*, 145 Wn. App. 423, 431, 186 P.3d 363 (2008) (quoting American Law Institute, *A Model Code of Pre-Arraignment Procedure* § 110.0(1)(b) (1975)). "The rationale behind the exigent circumstances exception 'is to permit a warrantless search where the circumstances are such that obtaining a warrant . . . would compromise officer safety, facilitate escape or permit the destruction of evidence.'" *Smith*, 165 Wn.2d at 517 (quoting *State v. Audley*, 77 Wn. App. 897, 907, 894 P.2d 1359 (1995)).

Here, the trial court found that a seizure occurred. This finding is supported by the record and the State does not assign error to it. Indeed, Officer Kirby testified that Mr. Rubio was not free to leave. Nevertheless, Officer Kirby's warrantless seizure of Mr. Rubio was lawful. Officer Kirby's detention of Mr. Rubio was reasonable due to exigent circumstances, that is, it was imperative that Officer Kirby quickly locate the injured woman and her assailant. The three-part test of *Dorey* is satisfied: First, Officer Kirby had reasonable cause to believe that a crime was just committed at the address involving injury to a person. Officer Kirby notified the persons in the apartment that he was there to do a welfare check. Once Officer Kirby unlocked the door, he ordered all the occupants to exit the apartment. Mr. Rubio did not exit the apartment.

Second, Officer Kirby had reasonable cause to believe that each person who was in the apartment, including Mr. Rubio, had knowledge which would aid in the investigation of the crime. Indeed, due to the proximity in time and location to the domestic dispute, this factor is not contestable.

Third, Officer Kirby's request for identification was necessary to determine the true identity of Mr. Rubio. Running the warrant check was needed to verify that Mr. Rubio was the person he claimed to be. Thus, Officer Kirby's seizure of Mr. Rubio was lawful under the exigent circumstances exception to the warrant requirement.

Mr. Rubio contends that this court should find the seizure unreasonable based on *Carney* and *Dorey*. Similar to Mr. Rubio's case, *Carney* and *Dorey* involved situations where law enforcement's seizure of a witness resulted in an arrest for outstanding warrants and possession of a controlled substance.

However, Mr. Rubio's reliance on these cases is misplaced. In both *Carney* and *Dorey*, the court found that no exigent circumstances existed to support the initial seizure. In *Carney*, the court found that the officer had no reasonable suspicion that Ms. Carney was involved in the reported criminal activity to support a seizure for exigent circumstances. *Carney*, 142 Wn. App. at 204. In *Dorey*, the court found that stopping Mr. Dorey was not necessary to aid the deputy's investigation because the deputy had no

6

reason to believe that a dangerous crime had been committed or that Mr. Dorey had knowledge to aid in such an investigation. *Dorey*, 145 Wn. App. at 431-32. Here, as noted above, exigent circumstances existed. Officer Kirby was responding to a report of a physical domestic dispute. His response to the call was immediate. Mr. Rubio was found in the apartment where the reported crime took place. The officer properly requested Mr. Rubio's identification toward investigating the exigent circumstance.

We affirm the trial court's order denying Mr. Rubio's motion to suppress and subsequent conviction.

Lawrence-Berrey, J.

WE CONCUR:

Korsmo, J.

Fearing, J.

7